**Appeal No: 24-10841-CC**
District Court Docket No: 0:23-cv-61385-WPD

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**SHAN SHAN SU**,
Plaintiff - Appellant,

v.

**BROWARD COUNTY,**
Defendant - Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---

**APPELLANT'S INITIAL BRIEF**

---

*G. Ware Cornell, Jr.*
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
2645 Executive Park Drive
Weston, Fla. 33331
Ph: (954) 618-1041

*Counsel for Appellant*
Shan Shan Su

**Appeal No: 24-10841-CC**
**Shan Shan Su, Appellant v. Broward County, Appellee**

**CERTIFICATE OF INTERESTED PERSONS AND**
**CORPORATE DISCLOSURE STATEMENT**

Counsel for Appellant, Shan Shan Su, certifies, in accordance with Fed. R.

App. P. 26.1, 11th Cir. R. 26.1, that the following persons may have an interest in

the outcome of this case:

**INTERESTED PERSONS**

1. Amlong, William Robert, *previous Counsel for Appellant*

2. Augustin-Birch, Panayotta, The Honorable, Magistrate Judge, United States
   Court for the Southern District of Florida

3. Broward County Office of the County Attorney, Counsel for Appellee

4. Cornell & Associates, P.A., Counsel for Appellant

5. Cornell, Jr., G. Ware, Counsel for Appellant

6. Dimitrouleas, William P., The Honorable District Judge, United States Court
   for the Southern District of Florida.

7. Gardiner, Kateline Virginia, *previous Counsel for Appellant*

8. Ibrahim, Silvia, Counsel for Appellee

9. Herman, Zane Alexander, *previous Counsel for Appellant*

10. Jarone, Joseph K., Counsel for Appellee

11. Katzman, Adam, Counsel for Appellee

12. Koempel, Samantha Ann, *previous Counsel for Appellant*

13. Meyers, Andrew J., Counsel for Appellee

14. Su, Shan Shan, Appellant

## CORPORATE DISCLOSURE STATEMENT

1. Broward County is a political subdivision in Florida.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, SHAN SHAN SU, requests oral argument to assist the Court in understanding why the district court erred in granting a final order of dismissal for a claims arising under Title VII of the Civil Rights Act of 1991, the Florida Civil Rights Act of 1992, and the Americans With Disabilities Act ("ADA").

# TABLE OF CONTENTS

**PAGE**

CERTIFICATE OF INTERESTED PERSONS…………………………………C-1

STATEMENT REGARDING ORAL ARGUMENT………………………….i

TABLE OF CONTENTS …………………………………………………..ii

TABLE OF CITATIONS …………………………………………………iii

JURISDICTIONAL STATEMENT…………………………………………..v

STATEMENT OF THE ISSUES ON APPEAL……………………………1

STATEMENT OF THE CASE……………………………………………..2

     i)    Course of Proceedings and Disposition Below………………….2

     ii)    Standard of Review………………………………………..3

SUMMARY OF THE ARGUMENT………………………………………4

ARGUMENT……………………………………………………………5

     I The Court below erred in finding that the Appellant failed to present plausible claims for race and disability discrimination and for retaliation……………………………………………………5

     II Alternatively, the dismissal of the state law claims with prejudice was in error……………………………………………14

CONCLUSION…………………………………………………………17

CERTIFICATE OF COMPLIANCE…………………………………...18

CERTIFICATE OF SERVICE…………………………………………18

# TABLE OF CITATIONS

**CASES**                                                                        **PAGE**

*Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342 (11th Cir. 1997)……..16

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)…………………………….5

*Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006)…………………11

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)…………………………..16

*Catron v. City of St. Petersburg,* 658 F.3d 1260 (11th Cir. 2011)…………………3

*Damon v. Fleming Supermarkets Of Florida, Inc.,* 196 F.3d 1354
(11th Cir. 1999)…………………………………………………………..8, 9

*Furcron*, 843 F.3d at 1310…………………………………………………...13

*Gonzalez v. Spitzer Autoworld Homestead, Inc.*,
672 F. Supp. 3d 1252 (S.D. Fla. 2023)…………………………………13

*Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261 (11th Cir. 2008)…………11

*Harris v. Forklift Sys., Inc.,* 510 U.S. 17 (1993)………………………………….10

*Johnson v. City of Shelby,* 574 U.S. 10 (2014)……………………………..…5

*Liebman v. Metro. Life Ins. Co.,* 808 F.3d 1294 (11th Cir. 2015)…………………8

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)…………………..13, 14

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)……………………6

*Pace v. Southern Railway System,* 701 F.2d 1383 (11th Cir.1983)……………..8

*Rogers v. EEOC,* 454 F.2d 234 (CA5 1971), cert. denied, 406 U.S. 957 (1972)…10

*Rioux v. City of Atlanta*, 520 F.3d 1269 (11th Cir. 2008)…………………………14

iii.

*Russell v. City of Tampa,* 737 F. App'x 922 (11th Cir. 2018)……………………..13

*United Air Lines, Inc. v. Evans*, 431 U.S. 553 (1977)…………………………….6

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)……………………..16

*Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018)…………………..16

**STATUTES}**

28 U.S.C. §1291…………………………………………………………………..….v

The Americans with Disabilities Act, 42 U.S.C. § 12101……………………i, 2, 13

The Florida Civil Rights Act, §760.02, Florida Statutes..………………..i, 2, 13, 14

The Rehabilitation Act of 29 U.S.C. § 701 et seq………………….…………..2

Title VII of the Civil Rights Act 42 U.S.C.2000e et seq….……..i, 2, 10, 11, 13, 14

## JURISDICTIONAL STATEMENT

This is an appeal arising from a decision of a United States District Court that is within the jurisdiction of the Eleventh Circuit Court of Appeals. Jurisdiction of this Court is conferred by 28 U.S.C. §1291, granting jurisdiction to the Court of Appeals over final decisions of the district courts. The Order dismissing the Amended Complaint with prejudice is a final decision within the contemplation of this section.

## STATEMENT OF THE ISSUES ON APPEAL

I

Did Appellant's Amended Complaint present plausible claims in all counts?

II

In the alternative, did the District Court err in dismissing the state law counts with prejudice?

## STATEMENT OF THE CASE

*Course of Proceedings and Disposition Below[1]*

On March 22, 2022, Appellant Su filed her charge of discrimination against Broward County with the Florida Commission on Human Relations. This charge was co-filed with the EEOC.  In her Charge, Su alleged discrimination on the basis of her race (Asian),  disability and retaliatory.

After investigation on September 26, 2022, the Commission issued a finding of "Reasonable Cause" to believe that Broward County had discriminated against Appellant on the basis of race and disability, and retaliation. Conciliation failed. The Department of Justice issued a Right to Sue on May 31, 2023 and a timely Initial Complaint (Doc. 1)   claims for race and disability discrimination and retaliation was asserted under Title VII, the Americans with Disabilities Act, the Rehabilitation Act, and the Florida Civil Rights Act was filed against Broward County.

Thereafter, Broward County filed a motion to dismiss the complaint (Doc. 10), citing failure to state a claim and failure to exhaust administrative remedies, which was granted with leave to amend by order dated December 21, 2023 (Doc.

---

[1] Because no discovery was conducted, the only facts are those set forth in the Complaint and the Amended Complaint.

2

17). Su filed a timely Amended complaint on January 4, 2024. (Doc. 18)

On January 18, 2024, Broward County filed a motion to dismiss the Amended Complaint (Doc. 19). Su filed her response in opposition to that motion (Doc 20). The District Judge granted the motion and dismissed the action with prejudice on February 8, 2024 (Doc. 22). Thereafter, on March 1, 2024, Appellant filed her Notice of Appeal. (Doc 23).

*Standard of Review*

This court reviews de novo a District Court's dismissal of a complaint for failure to state a claim. <u>Catron v. City of St. Petersburg,</u> 658 F.3d 1260, 1264 (11th Cir. 2011).

### Summary of the Argument

The District Court erred when it held that the Amended Complaint presented implausible claims and then dismissed the case with prejudice. The deficiencies it identified relating to qualifications, the identification of a replacement workers, race discrimination, disability discrimination, and comparators were presented plausibly in the Amended Complaint and either overlooked or misapprehended as described below.

The District Judge also overlooked the finding of the Florida Commission on Human Relations that "reasonable cause" existed to find that Broward County discriminated against the Appellant, and should not have exercised supplemental jurisdiction over the state law claims in any event.

## Argument

## I

## The Court below erred in that the Appellant failed to present plausible claims for race and disability discrimination and for retaliation.

While correctly acknowledging "[w]hile Plaintiff is not necessarily required to establish all the elements of a prima facie case in her Complaint to survive a motion to dismiss, she must satisfy the plausibility standards under Iqbal and Twombly", the Court does not discuss why the Amended Complaint is in any way implausible.

> The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (citation omitted). We ask, therefore, whether a claim is "substantive[ly] plausib[le]." Johnson v. City of Shelby, 574 U.S. 10, 12, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014).
>
> Young v. Grand Canyon Univ., Inc., 57 F.4th 861, 867–68 (11th Cir. 2023)

The Amended Complaint describes a long history of race discrimination accompanied by threats, screams, and racist taunts against Appellant which by 2017 resulted in the recognition that she was suffering emotional illnesses requiring psychological care. These illnesses included major depression, anxiety disorder, and insomnia disorder. She remained under the care of Glenn Caddy, Ph.D., through her termination in February, 2022.

In 2017, Su filed an internal complaint of discrimination which resulted in a job transfer. Su explains in her Amended Complaint that even after the "resolution" of her complaints her new management continued to suffer from racial harassment from her co-workers.

Appellant has never disputed that Su's account of her workplace treatment included events outside some limitations provisions. Without doubt, the Amended Complaint presents important background information. That said, background information may be admissible. As the Supreme Court has opined, such background "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences." United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977). More recently the Supreme Court reconfirmed the relevance of background evidence.

> The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. **Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.**
>
> Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) **(emphasis added)**

With these principles in mind, the District Court's error appears as disregard for the background and other evidence relating to race discrimination, its physical and mental consequences, and retaliation that are clearly set forth in the Amended Complaint:

> Nor does Plaintiff allege any facts showing that she was qualified for her position, that she was replaced by someone outside her protected class, or that she was treated less favorably than similarly situated individuals from outside her protected class. Instead, the Amended Complaint makes only vague, conclusory allegations regarding the discrimination she faced, each of which is not clearly"tied to any of the alleged vague incidents of discrimination identified earlier in the Amended Complaint.Compare [DE 18] at 1l1I 38, 42 with id. at 1l1l 14, 23, 24. Finally, Plaintiffs allegations do not otherwise raise a reasonable inference of the County's discriminatory intent through circumstantial evidence, even without a proper comparator, to survive a motion to dismiss.

> (Doc. 22, p. 12)

Appellant will take the District Judge's analysis one step at a time and show that the dismissal, particularly with prejudice, was unwarranted.

*Qualifications*

The order first addresses the supposed lack of allegations about Plaintiff's qualifications. However, the Amended Complaint states that Plaintiff was a Certified Public Accountant who had been employed by Broward County since 1995. (Doc. 10; A2 ¶6) This long service establishes without more that Su was qualified for the position she held. Binding precedent requires the Court to hold

that longevity in a position is sufficient evidence of qualification to survive summary judgment and certainly a motion to dismiss.

> We must also address the district court's finding that Liebman was not qualified for the job from which he was discharged, because in 2012 "he was not performing as expected." In assessing a plaintiff's qualification for a position, we examine his skills and background. *Damon,* 196 F.3d at 1360. However, "if a plaintiff has enjoyed a long tenure at a certain position, we can infer that he or she is qualified to hold that particular position." *Id.* Liebman worked for MetLife for 27 years. Although MetLife is correct that Liebman held the specific title of "Managing Sales Director" for only three years before he was fired, the record demonstrates that he performed substantially similar duties for the preceding six years as "Managing Director." Liebman had therefore been in virtually the same position for a total of nine years before his termination. Nine years in the same position, and nearly three decades at the company, is long enough to support the inference that he was qualified for his job.

> Liebman v. Metro. Life Ins. Co., 808 F.3d 1294, 1299 (11th Cir. 2015)

> Our precedent holds that if a plaintiff has enjoyed a long tenure at a certain position, we can infer that he or she is qualified to hold that particular position. See id. (inferring a plaintiff's job qualifications from his 25 years of experience); Pace v. Southern Railway System, 701 F.2d 1383, 1386 n. 7 (11th Cir.1983) (finding that "where a plaintiff has held a position for a significant period of time, qualification for that position, sufficient to satisfy a prima facie case, can be inferred"). Based on the employment history of Damon and Kanafani, we can infer that they were qualified for their respective positions. Appellants were store managers for more than a decade, and, by all accounts, had performed their jobs with distinction during the bulk of that period. Damon held the position of store manager for 34 years, and consistently received numerous awards, commendations, and merit raises. Kanafani was a store manager for 13 years, and also received his share of bonus awards and merit raises.

<u>Damon v. Fleming Supermarkets Of Florida, Inc</u>., 196 F.3d 1354, 1360 (11th Cir. 1999)

*Race Discrimination?*

In Paragraphs 29 and 30 of the Amended Complaint and repeated under other counts, Su alleged:

> 29. This discrimination was both direct and circumstantial and included, among other things, threat of physical harm, yelling threats, promoting and making gestures demeaning to Chinese people, as well as the willful breach of accommodations provided to her,
>
> 30. As a direct and proximate result of the racist environment in which she was required to work, Plaintiff sustained physical and mental injuries which are permanent and/or continuing in nature and that among these disabilities are anxiety, major depression, dissociation, and insomnia.

Su's account of racist gestures, screaming, and threats of physical harm which were accompanied by an account of the mental and emotional harm this workplace produced, clearly indicate severe and pervasive conduct of the kind which produces a hostile environment workplace. The Supreme Court has condemned lesser conduct:

But Title VII comes into play before the harassing conduct leads to a nervous breakdown. A discriminatorily abusive work environment, even one that does not seriously affect employees' psychological well-being, can and often will detract from employees' job performance, discourage employees from remaining on the job, or keep them from advancing in their careers. Moreover, even without regard to these tangible effects, the very fact that the discriminatory conduct was so severe or pervasive that it created a work environment abusive to employees because of their race, gender, religion, or national origin offends Title VII's broad rule of workplace equality. The appalling conduct alleged in Meritor, and the reference in that case to environments " 'so heavily polluted with discrimination as to destroy completely the emotional and psychological stability of minority group workers,' " id., at 66, 106 S.Ct., at 2405, quoting Rogers v. EEOC, 454 F.2d 234, 238 (CA5 1971), cert. denied, 406 U.S. 957, 92 S.Ct. 2058, 32 L.Ed.2d 343 (1972), merely present some especially egregious examples of harassment. They do not mark the boundary of what is actionable.

Harris v. Forklift Sys., Inc., 510 U.S. 17, 22 (1993)

As such, the District Judge erred in his consideration of the race discrimination issues presented below.

*Disability*

Su asserted in ¶30 of her Amended Complaint that the conduct caused her to suffer anxiety, major depression, dissociation, and insomnia. Given the language within Harris, *supra*, about the potential consequences of a hostile workplace, this cannot be an implausible conclusion.

As such, the District Court erred below.

10

*Replaced?*

The order also critiques Appellant for not making any allegations about her replacement. For several reasons it was and is not necessary.

The primary reason is that the Amended Complaint is not limited to a termination claim. Even if Appellant had not been fired she was subjected to race discrimination and retaliation in the workplace which caused her to develop professionally diagnosed mental conditions. Thus, the Amended Complaint plausibly asserts a terms and conditions claims against the Appellee.

*Retaliation*

Throughout her Amended Complaint Appellant has related both retaliatory acts up to and including termination. Cases involving retaliation in this Circuit have never specified the identification of a replacement as a requirement of pleading. Rather, as this Court has held:

> To establish a claim of retaliation under Title VII or section 1981, a plaintiff must prove that he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 2410–16, 165 L.Ed.2d 345 (2006).
>
> Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1277 (11th Cir. 2008)

11

Clearly Plaintiff engaged in statutorily protected activity for many years. Her 2017 internal discrimination complaint resulted in an interactive process with the County and what should have been a resolution. The Amended Complaint alleges that despite the promise of settlement and her transfer to another unit, she continued to experience race and disability discrimination. The most disturbing allegations relate to the County's removal of the disability accommodation it had negotiated with Su. Rather than asserting mere conclusions, the Amended Complaint describes the letter sent to it by Dr. Glenn Caddy. In Paragraph 25 we find the following:

> 25. On February ll, 2022, Plaintiff's treating clinical psychologist Glenn Caddy wrote to Broward County regarding the problems that driving downtown was having on her existing conditions and her ability to work, and requested that she be accommodated by allowing her to work from home, an accommodation which would be in the best interest not only of SU, but also BROWARD COUNTY.

Although Su was not required to plead and negate a potential defense, the Amended Complaint alleges that the County allowed most workers in the Appellant's unit to work remotely. Thus, the sought after accommodation, as pled, would not impose an unreasonable burden on the County.

Seventeen days after Dr. Caddy's letter was sent, Plaintiff was terminated. There can be no explanation for the County's denial of the accommodation terminate her previously negotiated other than a desire to terminate her.

12

*ADA and FCRA*

Although Bagby Elevator makes specific reference only to Title VII and §1981 claims, the same rules of decision apply in cases under the Florida Civil Rights Act and the Americans with Disabilities Act.[2]

*Comparators?*

As previously set forth above, the District Court concluded "Finally, Plaintiffs allegations do not otherwise raise a reasonable inference of the County's discriminatory intent through circumstantial evidence, even without a proper comparator, to survive a motion to dismiss."

It is not clear whether this reference to the absence of a comparator in the Amended Complaint was intended to highlight something the District Judge found wanting. In an abundance of caution, it is addressed herein.

---

2 Retaliation claims under the ADA and the FCRA follow the analysis under Title VII and may thus be analyzed together with the Title VII retaliation claim. Russell v. City of Tampa, 737 F. App'x 922, 923 (11th Cir. 2018). A violation of the Title VII or ADA's anti-retaliation provision, or the FCRA, may be established by direct or circumstantial evidence. Furcron, 843 F.3d at 1310. Where the plaintiff's evidence is entirely circumstantial, the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) applies to retaliation claims. Id. The parties also agree the McDonnell Douglas framework applies to Plaintiff's claims. See ECF No. [22] at 5, 16; ECF No. [31] at 6.

Gonzalez v. Spitzer Autoworld Homestead, Inc., 672 F. Supp. 3d 1252, 1275 (S.D. Fla. 2023)

13

Not every discrimination case requires a comparator at any stage of the proceedings. As this Court has held, there are means, beyond comparators, for a successful result at trial.

> A plaintiff may raise a reasonable inference of the employer's discriminatory intent through various forms of circumstantial evidence. Rioux v. City of Atlanta, 520 F.3d 1269, 1281 (11th Cir. 2008) (holding that the plaintiff established a prima facie case of racial discrimination when he did not present evidence of a comparator but presented other circumstantial evidence that was sufficient); see also Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264  (11th Cir. 2010) (stating that the circumstantial evidence necessary to present a Title VII case of discrimination under McDonnell Douglas is "flexible and depend[s] on the particular situation" (citations omitted)); cf. Burke-Fowler v. Orange County, Fla., 447 F.3d 1319, 1325 (11th Cir. 2006) (affirming the district court's grant of summary judgment because plaintiff "failed to establish valid comparators and presented no other circumstantial evidence suggesting racial discrimination" (emphasis added)). Yet, no matter its form, so long as the circumstantial evidence raises a reasonable inference that the employer discriminated against the plaintiff, summary judgment is improper.

> <u>Smith v. Lockheed-Martin Corp</u>., 644 F.3d 1321, 1328 (11th Cir.2011)

## II

**Alternatively, the dismissal of the state law claims with prejudice was in error**

It was an error for the District Court to dismiss state law claims for race and disability discrimination and for retaliation when the Florida Commission on Human Relations had found "reasonable cause' to believe that Broward County had violated those provisions of the Florida Civil Rights Act.

14

*The Cause Finding*

It is particularly perplexing that the Court below dismissed a discrimination claim for lack of plausibility without even considering or addressing the findings of the Florida Commission on Human Relations that "reasonable cause" existed that the County discriminated against Su on the basis of race and disability and that it had retaliated against her.

The Florida Commission on Human Relations has very specific statutory duties as Judge Moody explained:

> A review of the statute reveals a legislative scheme that requires the FCHR to, within 180 days, make a determination "if there is reasonable cause to believe that discriminatory practice has occurred." The legislature envisioned three possible outcomes from a filed charge: 1) a finding of reasonable cause, 2) a finding that no reasonable cause existed, or 3) the FCHR failed to make a determination within 180 days. Problematically, by employing a technical use of the English language, the second category is broader than intended and includes all possible outcomes other than a reasonable cause finding. The Florida Legislature used "reasonable cause" to describe the first category and "not reasonable cause" to describe the second category. "Not reasonable cause" is the negative of "reasonable cause." That is, "not reasonable cause" is every response other than a finding of reasonable cause
>
> Segura v. Hunter Douglas Fabrication Co., 184 F. Supp. 2d 1227, 1231 (M.D. Fla. 2002)

This, a finding of reasonable cause from the Commission, indicates at the very least that a plausible claim is presented for further review. The District Court, in dismissing the state law claims with prejudice on grounds unrelated to the

merits, has undercut the process that the Florida Legislature has established and expected to be followed.

*The General Rule*

In dismissing of all the state law claims the District Court also overlooked binding precedent from this Court. As explained in <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291 (11th Cir. 2018):

> When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7, 108 S.Ct. 614, 619 & n.7, 98 L.Ed.2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). Although it is possible for the district court to continue to exercise supplemental jurisdiction over these pendant claims, Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997), if the district court instead chooses to dismiss the state law claims, it usually should do so without prejudice as to refiling in state court. Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999).
>
> <u>Vibe Micro, Inc. v. Shabanets</u>, *id* at 1296 (11th Cir. 2018)

The final order never addressed any necessity of the assumption of supplemental jurisdiction to dismiss with prejudice all of the state law claims. As such, the District Court overlooked its responsibilities under <u>Vitro</u> and the cases cited within.

## Conclusion

The District Court erred in finding that Appellant failed to present any plausible claims for relief, and as a result, this court should reverse and remand this cause for further proceedings on all counts below.

In the alternative, the dismissal with prejudice of the state law counts was an error and the District Court should be instructed to dismiss them without prejudice so they can be refiled in state court.

**CERTIFICATE OF COMPLIANCE WITH Fed. R. App. P. 32**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a) (7)(B) because this brief contains 3408 words, excluding the parts of the brief exempted by ty. This brief complies with the typeface requirements of Fed. R. App. P. 32(a) (5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface with Times New Roman 14-point font.

**CERTIFICATE OF SERVICE**

I certify that on July 29, 2024, I served a copy of this brief via Federal Express Next Day to the Clerk of this Court and by mail and CM/ECF to counsel for the Appellee.

BY: *_/s/ G. Ware Cornell, Jr._*
G. Ware Cornell, Jr.
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
*Counsel for Plaintiff*
2645 Executive Park Drive
Weston, Fla. 33331
Tel: (954) 641-3441